THE STATE OF CONNECTICUT EX REL. FRANK E. CONINE vs. RUTHERFORD HAYES HUNTER.

Third Judicial District, New Haven, June Term, 1922.
WHEELER, C. J., BEACH, BURPEE, KEELER and BANKS, Js.

Under the Act of 1921 "Establishing a Town Council and Manager Form of Government" in the town of Stratford (18 Special Laws, p. 1048), the town manager, appointed by the council, was removed by that body after he had served but three months. Within

The State ex rel. Conine *v.* Hunter.

thirty days thereafter, an information in the nature of *quo warranto* was filed to determine the legality of his removal, and the decisive issue was whether his dismissal was a "measure," within the meaning of § 29 and § 30 of the Act providing that "no measure," except one declared to be an emergency measure, should go into effect until thirty days after its passage, nor until it had been submitted to popular vote, provided the steps to secure such vote were begun within the thirty-day period, as admittedly they were in the present instance. *Held* that although the word "measure" might be broad enough, under certain circumstances, to include any legislative or administrative course of action adopted by a government, it was reasonably clear from other explicit provisions of the Act that in this case the appointment and removal of the town manager, and the determination of the amount of his salary and of his bond, were not "measures" subject to the thirty days' delay and to a referendum vote, but were matters entrusted to the exclusive control and determination of the town council; and that the respondent having been duly removed by the council, thereafter had no right or title to the office of town manager.

Argued June 9th—decided July 7th, 1922.

INFORMATION in the nature of *quo warranto* to determine the legality of the respondent's removal from the office of town manager of the town of Stratford, brought to and tried by the Superior Court in Fairfield County, *Wolfe, J.*, upon demurrer to the respondent's plea; the court sustained the demurrer, found the issues in favor of the relator and rendered judgment against the respondent, excluding him from further exercising the powers of town manager, from which he appealed. *No error.*

*William H. Comley, Jr.*, for the appellant (respondent).

*Edward K. Nicholson*, for the appellee (relator).

BEACH, J. The General Assembly in 1921 passed an Act entitled "An Act Establishing a Town Council and Manager Form of Government in the Town of

Stratford" (18 Special Laws, p. 1048), which vests the government of the town in a council of nine members elected biennially, subject to recall after six months' service, with the proviso that "save for adoption of ordinances, resolutions and other measures, and the . . . supervision and control of the town manager, the council shall exercise all its administrative functions through a town manager and his subordinates."

The town manager is the "chief executive and administrative officer of the town," and is appointed by the council for an indefinite period, "and shall be removable by the council at pleasure." If so removed after six months' service, "he may demand written charges and a public hearing on the same before the council and the same shall be given him prior to the date on which his final removal shall take effect."

The respondent was removed from the office of town manager by vote of the council on February 14th, 1922, when he had served only three months, and was therefore removable by the council at pleasure without prior hearing. The respondent does not deny the authority of the council to dismiss him without written charges and hearing; but claims that the vote of dismissal remained ineffectual for thirty days by reason of the following provision of § 29 of the Act: "No measure shall go into effect until thirty days after its passage unless it be declared an emergency measure on the ground of urgent public need for the preservation of peace, health, safety or property, the facts showing such urgency and need being specifically stated in the measure itself and the measure being passed by a vote of not less than six members of the council."

It is admitted that the vote dismissing the respondent from the office of town manager was not declared to be an emergency measure; and the respondent justifies his persistence in exercising the office of town

manager on the ground that this proceeding was brought within thirty days after the passage of the vote.

The respondent also relies on § 30, which provides that "if, within thirty days after the final passage of any measure by the council, a petition signed by electors of the town to the number of at least ten per centum of the number of electors who were entitled to cast their vote at the last preceding regular election, be filed with the town clerk requesting that any such measure, or any part thereof, be repealed or be submitted to a vote of the electors, it shall not, except in the case of an emergency measure, become operative until the steps indicated herein have been taken." In this connection it is alleged, and admitted by the demurrer to the respondent's plea, that within thirty days after the vote of the council dismissing the respondent a petition for a referendum under § 30 had been filed with the town clerk.

It will be seen that the case turns on the question whether the dismissal of the respondent by the town council was a "measure" within the meaning of §§ 29 and 30, providing that all "measures," except emergency measures, shall remain ineffective for thirty days and upon petition of ten per centum of the electors filed within that time shall be referred to popular vote.

If the question were merely one of the meaning of the word "measure," it might be hard to say why it did not include any legislative or administrative course of action adopted by a government. But when we look at the language of the charter which deals specifically with the appointment and dismissal of the town manager, it seems reasonably clear that this particular matter was not intended to be referred to popular vote. In the first place, the office of town manager is not elective. The charter provides that "he shall be chosen by the council solely on the basis of his executive and

administrative qualifications." That duty is on its face nondelegable, and it could hardly be contended that the appointment of a town manager was a "measure" intended to be referred to the electorate on the petition of ten per centum of the electors. Then his salary is to be fixed by the council, and also the amount of his bond. Are the votes of the council fixing these amounts "measures"? And, finally, he "shall be removable by the council at pleasure."

The whole matter of appointment, salary and removal was evidently put into the hands of the council exclusively; and this is logical, for the whole argument in favor of the town-manager system of municipal government is that the purely business affairs of the municipality will be better managed by a trained expert than by a popular favorite. To apply the referendum to the appointment and removal of a town agent would tend to defeat the supposed superior efficiency of the system, and in this instance would nullify the unrestrained power of appointment and removal which § 39 confers on the town council.

There is no error.

In this opinion the other judges concurred.